UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

BOBBY WALKER, JR.,

    Plaintiff,

v.                                                                    CASE NO.:

CITY OF KEY WEST / DEPARTMENT
OF TRANSPORTATION,

    Defendant.
_____/

## COMPLAINT

1.    This is an action for race and religious discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Civil Rights Act 1866, 42 U.S.C. § 1981 ("Section 1981") and the Florida Civil Rights Act, Fla. Stat. § 760.01, et seq. ("FCRA"). As more fully described below, Plaintiff, BOBBY WALKER, JR. ("Plaintiff") sues the Defendant, CITY OF KEY WEST / DEPARTMENT OF TRANSPORTATION ("Defendant"), to secure redress for Defendant's violation of his civil right to be free from employment discrimination on the basis of his race, religion and his religious practices.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this case arises under federal law, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. and the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Title VII"), and the Civil Rights Act 1866, 42 U.S.C. § 1981. This Court has supplemental jurisdiction over Plaintiff's claims under the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq*. ("FCRA").

3. Venue is proper in this Court because the unlawful discrimination and retaliation giving rise to the claims herein occurred within this judicial district, and the Defendant is located in this judicial district.

4. Plaintiff has complied with all conditions precedent to the filing of this action as required by 42 U.S.C. § 2000e-5(f)(1) and (3) and the FCRA.  A Charge of Discrimination was dual filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") within 300 days of the alleged unlawful employment practice.  Plaintiff filed this action within 90 days of having received a Right to Sue notice from the EEOC (attached hereto as **Exhibit "A"**), after the charge had been pending with the EEOC and FCHR for more than 180 days and within four years of the discrimination.  All administrative prerequisites have been satisfied and this action is timely filed.

## Parties

5. Plaintiff, Mr. Walker, a practicing member of the religion of Jehovah's Witnesses and a black male, was employed by Defendant in Monroe County at all times material to this Complaint.

6. Defendant is a governmental entity located in Monroe Country, Florida and, as such, is engaged in public transportation.

7. Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b) and the FCRA.

## Statement of Facts

8. Mr. Walker began working for Defendant on or about May 26, 2014, as a City Bus Driver.

9. In or about October 23, 2014, Mr. Walker requested, via a letter to the City Manager's Office, that he not participate in the Key West's annual Fantasy Fest Parade which was to take place on October 25, 2014. Mr. Walker informed Defendant that participation in the Fantasy Fest Parade was contrary to his beliefs as a Jehovah's Witness.

10. The Jehovah's Witnesses is an established religion in the United States, which has specific beliefs which conflicted with the nature of the parade.

11. Allowing Mr. Walker to change his schedule solely for this event, would not have caused Defendant any hardship.

12. Indeed, Defendant allows non-Jehovah's Witnesses and non-Black Americans to change their shift schedule and, pursuant to the Employee Handbook, requires only 2 hours notification of any schedule change request. Mr. Walker gave ample notice of this request and Defendant could have allowed Mr. Walker to change his schedule.

13. Yet, Defendant, the following day, called Mr. Walker into a meeting with Manager, Rogelio Hernandez and Assistant Manager, Vicente Rodriguez to discuss Mr. Walker's schedule change request. During this meeting, Defendant's management openly mocked Plaintiff's religious beliefs and threatened to write Mr. Walker up for purportedly not giving enough time to change the schedule.

14. Immediately after this incident, Mr. Walker's hours were decreased and he was subjected to threats of losing his job, vindictive acts and derogatory comments about his race from other members of the management team, including but not limited to, John Fallon and Shane Harmon.

15. Mr. Walker complained about the discriminatory treatment management, including Mr. Rodriguez and the Director, Norman Whitaker. However, there was no action

taken by the Defendant to remedy the situation. By continuing to discriminate against Mr. Walker, Defendant constructively terminated his employment.

16. On or about December 31, 2014, Mr. Walker again requested a shift change, in ample time, from Mr. Hernandez, as other non-Jehovah's Witnesses and non-Black Americans did, so that he would not have to work the late shift on the night of New Year's Eve, based on his religious beliefs. Mr. Hernandez refused to accept the schedule change request and immediately terminated Mr. Walker's employment.

17. The above conduct by Defendant constitutes discrimination and retaliation in violation of Title VII, the FCRA and 42 U.S.C. § 1981.

18. On January 15, 2015, Mr. Walker filed his Charge of Discrimination with the EEOC and the FCRA.

19. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Mr. Walker's rights.

20. Mr. Walker has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

21. Mr. Walker requests a jury trial for all issues so triable.

## COUNT I
### Religious Discrimination in Violation of Title VII

22. Mr. Walker repeats and realleges the allegations set forth in Paragraphs 1 through 21 as though fully set forth herein.

23. Defendant's conduct as herein alleged violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), which makes unlawful discrimination against employees on the basis of religion. The term "religion" includes "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j).

24. Defendant discriminated against Mr. Walker in violation of Title VII when it, among other things, terminated his employment, refused to provide him a schedule change, reduced his hours, falsely accused him of wrongdoing, subjected him to a hostile work environment and subjected him to terms and conditions of employment not imposed upon non-Jehovah's Witnesses employees.

25. As a proximate result of Defendant's discriminatory actions, Mr. Walker has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, Mr. Walker has suffered such damages in an amount to be proved at trial.

26. Mr. Walker requests relief as described in the Prayer for Relief below.

### COUNT II
### Unlawful Failure to Accommodate Religious Beliefs
### in Violation of Title VII

27. Mr. Walker repeats and realleges the allegations set forth in Paragraphs 1 through 21 as though fully set forth herein.

28. Defendant's conduct as herein alleged violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(j), which requires an employer to "accommodate" religious practices and beliefs.

29. Defendant acted in violation of Title VII when, rather than initiating steps toward accommodating his religious practice, Defendant instead, among other things, terminated his employment, refused to provide him a schedule change, reduced his hours, falsely accused him of wrongdoing, subjected him to a hostile work environment and subjected him to terms and conditions of employment not imposed upon non-Jehovah's Witnesses employees.

30. Accommodating Mr. Walker's religious practice would not have caused Defendant an undue hardship.

31. As a proximate result of Defendant's discriminatory actions, Mr. Walker has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of such actions and consequent harms, Mr. Walker has suffered such damages in an amount to be proved at trial.

32. Mr. Walker requests relief as described in the Prayer for Relief below.

## COUNT III
### Race Discrimination in Violation of Title VII

33. Mr. Walker repeats and realleges the allegations set forth in Paragraphs 1 through 21 as though fully set forth herein.

34. Defendant's conduct as herein alleged violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), which makes unlawful discrimination against employees on the basis of race.

35. Defendant discriminated against Mr. Walker in violation of Title VII when it, among other things, terminated his employment, refused to provide him a schedule change, reduced his hours, falsely accused him of wrongdoing, subjected him to a hostile work environment and subjected him to terms and conditions of employment not imposed upon non-Black American employees.

36. As a proximate result of Defendant's discriminatory actions, Mr. Walker has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, Mr. Walker has suffered such damages in an amount to be proved at trial.

37. Mr. Walker requests relief as described in the Prayer for Relief below.

## COUNT IV
### Retaliation in Violation of Title VII

38. Mr. Walker repeats and realleges the allegations set forth in Paragraphs 1 through 21 as though fully set forth herein.

39. Defendant's conduct as herein alleged violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), which prohibits employers from retaliating against employees based on an employee's opposition to employment discrimination or complaint of discrimination.

40. Mr. Walker engaged in protected activity under Title VII by objecting to Defendant's unlawful race and religious discrimination and by filing a Charge of Discrimination with the EEOC.

41. Defendant acted in violation of Title VII when it retaliated against Mr. Walker by engaging in the aforestated actions because Mr. Walker engaged in activities protected by Title VII.  Defendants had no legitimate reasons for any such acts.

42. As a proximate result of Defendant's retaliatory actions, Mr. Walker has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of such actions and consequent harms, Mr. Walker has suffered such damages in an amount to be proved at trial.

43. Mr. Walker requests relief as described in the Prayer for Relief below.

## COUNT V
### Race Discrimination in Violation of 42 U.S.C. §1981

44. Mr. Walker repeats and realleges the allegations set forth in Paragraphs 1 through 21 as though fully set forth herein.

45.     Through Defendant's conduct set forth herein, Defendant intentionally deprived Mr. Walker of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, of their contractual employment relationship with Defendant, in violation of 42 U.S.C. §1981.

46.     As a proximate result of Defendant's discrimination in violation of Section 1981, Mr. Walker has been denied employment opportunities providing substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and has suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendant's actions, thereby entitling him to compensatory damages.

47.     Mr. Walker requests relief as described in the Prayer for Relief below.

### COUNT VI
### Retaliation in Violation of 42 U.S.C. §1981

48.     Mr. Walker repeats and realleges the allegations set forth in Paragraphs 1 through 21 as though fully set forth herein.

49.     Defendant's conduct as herein alleged violated 42 U.S.C. §1981, which prohibits employers from retaliating against employees based on an employee's opposition to employment discrimination or complaint of discrimination.

50.     Mr. Walker engaged in protected activity under 42 U.S.C. §1981 by objecting to Defendant's unlawful race discrimination.

51.     Defendant acted in violation of 42 U.S.C. §1981 when it retaliated against Mr. Walker by engaging in the aforestated actions because Mr. Walker engaged in activities protected by 42 U.S.C. §1981.  Defendants had no legitimate reasons for any such acts.

52.     As a proximate result of Defendant's retaliatory actions, Mr. Walker has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

As a result of such actions and consequent harms, Mr. Walker has suffered such damages in an amount to be proved at trial.

53. Mr. Walker requests relief as described in the Prayer for Relief below.

## COUNT VII
### Race Discrimination in Violation of FCRA

54. Mr. Walker repeats and realleges the allegations set forth in Paragraphs 1 through 21 as though fully set forth herein.

55. Defendant's conduct as herein alleged violated the FCRA, which makes unlawful discrimination against employees on the basis of race.

56. Defendant discriminated against Mr. Walker in violation of the FCRA when it, among other things, terminated his employment, refused to provide him a schedule change, reduced his hours, falsely accused him of wrongdoing, subjected him to a hostile work environment and subjected him to terms and conditions of employment not imposed upon non-Black American employees.

57. As a proximate result of Defendant's discriminatory actions, Mr. Walker has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, Mr. Walker has suffered such damages in an amount to be proved at trial.

58. Mr. Walker requests relief as described in the Prayer for Relief below.

## COUNT VIII
### Religious Discrimination in Violation of the FCRA

59. Mr. Walker repeats and realleges the allegations set forth in Paragraphs 1 through 21 as though fully set forth herein.

9

60. Defendant's conduct as herein alleged violated the FCRA, which makes unlawful discrimination against employees on the basis of religion.

61. Defendant discriminated against Mr. Walker in violation of the FCRA when it, among other things, terminated his employment, refused to provide him a schedule change, reduced his hours, falsely accused him of wrongdoing, subjected him to a hostile work environment and subjected him to terms and conditions of employment not imposed upon non-Jehovah's Witnesses employees.

62. As a proximate result of Defendant's discriminatory actions, Mr. Walker has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, Mr. Walker has suffered such damages in an amount to be proved at trial.

63. Mr. Walker requests relief as described in the Prayer for Relief below.

## COUNT IX
### Retaliation in Violation of the FCRA

64. Mr. Walker repeats and realleges the allegations set forth in Paragraphs 1 through 21 as though fully set forth herein.

65. Defendant's conduct as herein alleged violated the FCRA, which prohibits employers from retaliating against employees based on an employee's opposition to employment discrimination or complaint of discrimination.

66. Mr. Walker engaged in protected activity under the FCRA by objecting to Defendant's unlawful race and religious discrimination and by filing a Charge of Discrimination with the FCHR.

67. Defendant acted in violation of the FCRA when it retaliated against Mr. Walker by engaging in the aforestated actions because Mr. Walker engaged in activities protected by the

FCRA. Defendants had no legitimate reasons for any such acts.

68. As a proximate result of Defendant's retaliatory actions, Mr. Walker has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of such actions and consequent harms, Mr. Walker has suffered such damages in an amount to be proved at trial.

69. Mr. Walker requests relief as described in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Walker requests that this Court:

1. Enter a declaratory judgment that the practices complained of in this complaint are unlawful and violate Title VII, Section 1981 and the FCRA;

2. Grant all injunctive relief necessary to bring Defendant into compliance with the aforementioned laws;

3. Order Defendant to pay the wages, salary, employment benefits, and other compensation denied or lost to Mr. Walker to date by reason of Defendant's unlawful actions, in amounts to be proven at trial;

4. Order Defendant to pay compensatory damages for Mr. Walker's emotional pain and suffering, in an amount to be proven at trial;

5. Order Defendant to pay exemplary and punitive damages;

6. Order Defendant to pay attorneys' fees and costs of the action;

7. Order Defendant to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and

8.     Grant any further relief that the Court deems just and proper.

Dated this 3rd day of March, 2016.

                              Respectfully submitted,

**WHITTEL & MELTON, LLC**
*/s/ Jay P. Lechner*
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
Jason M. Melton, Esq.
Florida Bar No.: 605034
One Progress Plaza
200 Central Avenue, #400
St. Petersburg, Florida 33701
Telephone: (727) 822-1111
Facsimile: (727) 898-2001
Service Email:
   Pleadings@theFLlawfirm.com
   lechnerj@theFLlawfirm.com
   shelley@theFLlawfirm.com
*Attorneys for Plaintiff*